IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. 18-CV-4168 |
| v. | ) ) | C O M P L A I N T |
| IDEC CORPORATION, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Steven Massie ("Massie"), a qualified individual with a disability, who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendant IDEC Corporation ("IDEC" or the "Employer") violated the Americans with Disabilities Act when it terminated Massie's employment because of his disability and because IDEC regarded him as disabled.

**JURISDICTION AND VENUE**

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

1

U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, IDEC has continuously been a corporation doing business in the State of Illinois and the City of East Dundee and has continuously had at least 15 employees.

5. At all relevant times, IDEC has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, IDEC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Massie filed a charge with the Commission alleging violations of the ADA by IDEC.

8. On February 13, 2018, the Commission issued to IDEC a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join

with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with IDEC to provide it the opportunity to remedy discriminatory practices described in the Letter of Determination.

10. On April 13, 2018, the Commission issued to IDEC a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

12. Massie is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Massie has impairments, including sleep apnea, angina, diabetes, and hearing loss, that substantially limit major life activities, including, but not limited to, sleeping, circulatory functioning, endocrine functioning, and hearing. IDEC regarded Massie as having a disability by subjecting him to an adverse employment action, termination, because of an actual or perceived impairment, including, but not limited to, sleep apnea, angina, diabetes, and hearing loss.

13. On or about March 10, 2016, IDEC engaged in unlawful employment practices at its East Dundee location, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(a), when it terminated Massie because of his disability and/or because it regarded him as disabled.

14. The effect of the practices complained of in paragraphs 12 and 13 above has been to deprive Massie of equal employment opportunities and otherwise adversely affect his status as an employee because he was disabled and/or because he was regarded as having a disability.

15. The unlawful employment practices complained of in paragraphs 12 and 13 above were intentional.

16. The unlawful employment practices complained of in paragraphs 12 and 13 above were done with malice or with reckless indifference to the federally protected rights of Massie.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant IDEC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

B. Order Defendant IDEC to institute and carry out policies, practices, and programs, which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant IDEC to make Massie whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant IDEC to make Massie whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 and 13, in amounts to be determined at trial.

E. Order Defendant IDEC to make Massie whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 and 13 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant IDEC to pay Massie punitive damages for its malicious and reckless conduct, as described in paragraphs 12 and 13 above, in amounts to be determined at trial.

G.      Order Defendant IDEC to make Massie whole through reinstatement with full benefits and seniority or pay Massie front-pay in lieu of reinstatement.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: June 15, 2018

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

s/ Gregory Gochanour
Regional Attorney
Gregory Gochanour

s/ Diane Smason
Supervisory Trial Attorney
Diane Smason

s/ Brad Fiorito
Trial Attorney
Brad Fiorito

s/ Rich Mrizek
Trial Attorney
Richard Mrizek

5

                                      U.S. Equal Employment
                                         Opportunity Commission
                                      Chicago District Office
                                      500 West Madison St. Ste 2000
                                      Chicago, Illinois 60661
                                      (312) 869-8109
                                      Bradley.Fiorito@EEOC.gov