IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No.:1:18-cv-04168 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Sharon Johnson Coleman |
| IDEC CORPORATION, | ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

## INTERVENOR COMPLAINT

NOW COMES, STEVEN L. MASSIE, by and through his attorney, DIANNE M. ONICHIMOWSKI, of DMO LAW FIRM, complains of Defendant IDEC Corporation ("IDEC") as follows:

## NATURE OF ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Steven L. Massie ("Massie"). Massie also alleges violations of the Age Discrimination in Employment Act of 1967 ("ADEA"). Massie also seeks to correct unlawful employment practices on the basis of age and to provide appropriate relief to Massie for violations of the ADEA. As alleged with greater particularity in this Intervenor Complaint, Massie alleges that IDEC violated the ADA and the ADEA by discharging Massie on the bases of disability and age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and

1

1345. This action is authorized and instituted pursuant to:

    (a)    Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII") , 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a; and

    (b)    Massie has intervened as a matter of right pursuant to 42 U.S.C. §2000e-5(f)(1) and under Fed. R. Civ. P. 24.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3.    Plaintiff-Intervenor Massie, age sixty-four (64), is a citizen of the United States, who resided in Lake County, IL and worked in IDEC's office in East Dundee, Cook County, IL at the time of the alleged violations of the ADA and ADEA, and now resides in Arizona. Massie is an aggrieved party in this action and asserts this action on his own behalf.

4.    Plaintiff, the Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and the ADEA. The EEOC is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

5.    Plaintiff-Intervenor Massie is authorized to bring an action with respect to the ADEA under 29 U.S.C. §626(c)(1).

6.    At all relevant times, IDEC has continuously been a corporation doing business in the

State of Illinois and the Village of East Dundee and has continuously had at least 20 employees.

7. At all relevant times, IDEC has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§12111(5)(7), and under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g), and (h).

8. At all relevant times, IDEC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Massie filed a charge with the EEOC alleging violations of the ADA and the ADEA by IDEC.

10. On February 13, 2018, the EEOC issued to IDEC a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting IDEC to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The EEOC engaged in communication with IDEC to provide IDEC the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. On April 13, 2018, the EEOC issued to IDEC a Notice of Failure of Conciliation advising IDEC that the EEOC was unable to secure from IDEC a conciliation agreement acceptable to the EEOC.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Massie is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§12102 and 12111(8). Massie has impairments, including sleep apnea, angina, diabetes, and hearing loss that substantially limit major life activities, including but not limited to sleeping, circulatory

functioning, endocrine functioning, and hearing. IDEC regarded Massie as having a disability by subjecting him to an adverse employment action, termination, because of an actual or perceived impairment, including but not limited to, sleep apnea, a heart condition and diabetes.

15. Massie was hired by IDEC on January 3, 2012 as a Product Manager in IDEC's office in East Dundee, IL. Massie was terminated from his position on March 10, 2016. On or about March 10, 2016, IDEC engaged in unlawful employment practices in its East Dundee, Illinois facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §12112(a), when it terminated Massie because it regarded him as disabled. IDEC also engaged in unlawful employment practices in its East Dundee, Illinois facility, in violation of the ADEA when it terminated Massie because it regarded him as too old.

16. The effect of the practices complained of herein has been to deprive Massie of equal employment opportunities and otherwise adversely affect his status as an employee because he was regarded as having a disability.

17. The unlawful employment practices complained of herein were intentional.

18. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Massie.

19. Massie's date of birth is April 6, 1954 (now age 64). Massie received his Personnel File from IDEC. Emails in Massie's Personnel File documented actions by IDEC in violation of the ADEA and contained statements with reference to Massie that "he is older", "this older guy", that it was "suggested that he consider to appear and act "younger" within reason". Prior to his termination, Massie was repeatedly questioned by superiors and co-workers at IDEC as to when did he intend to retire. IDEC treated younger, similarly situated employees more favorably than they treated Massie.

20. On or about March 10, 2016, IDEC has engaged in unlawful employment practices in its East Dundee, Illinois facility, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. §623(a)(1), when it

fired Massie, who was in the protected age group (age 61 at the time, now age 64) defined in the ADEA, Section 12, 29 U.S.C. §631, from his position because it considered him too old for his job.

21. The effect of the practices complained of in paragraph 20 has been to deprive Massie of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

22. The unlawful employment practices complained of in paragraph 20 above were intentional.

23. The unlawful employment practices complained of in paragraph 20 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

24. The unlawful employment practices complained of in paragraph 20 were done with malice or with reckless indifference to the federally protected rights of Massie.

## PRAYER FOR RELIEF

WHEREFORE, Steven L. Massie respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant IDEC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with from engaging in any employment practice which discriminates on the basis of disability.

B. Grant a permanent injunction enjoining IDEC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in employment practices which discriminate against individuals 40 years of age and older by terminating their employment because of age.

C. Order IDEC to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the

5

effects of its past and present unlawful employment practices.

D. Order IDEC to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

E. Order IDEC to make Massie whole by providing appropriate back wages, including lost benefits and value of benefits Massie would have received from the date Massie was terminated through the present, in an amount to be determined at trial, an equal sum as liquidated damages, compensatory damages for pecuniary and non-pecuniary losses and prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement with full benefits and seniority or pay Massie front pay in lieu of reinstatement.

F. Order IDEC to make Massie whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described herein, including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

G. Order IDEC to pay Massie punitive damages for its malicious and reckless conduct, as described herein, in amounts to be determined at trial.

H. Grant such further relief as this Court deems necessary and proper in the public interest.

I. Award Massie his reasonable attorney's fees and costs in this action.

## JURY TRIAL DEMAND

Steven L. Massie requests a jury trial on all questions of fact raised by the complaint.

**Steven L. Massie**

Plaintiff-Intervenor

/s/Dianne M. Onichimowski
DIANNE M. ONICHIMOWSKI of DMO LAW FIRM
Attorney for Steven L. Massie

Dianne M. Onichimowski (#6239587)
DMO Law Firm
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
T: 312-474-7788
T: 312-251-9700
F: 312-251-9701
donichimowski@comcast.net