IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>STEVEN MASSIE,<br><br>    Intervenor-Plaintiff,<br><br>    v.<br><br>IDEC CORPORATION,<br><br>    Defendant. | CASE NO: 18-CV-4168<br><br>Judge Sharon Coleman<br>Magistrate Judge Young Kim |

**DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

Defendant IDEC Corporation, ("Defendant" or "IDEC"), by its attorneys Paul Patten and Julia Pearce Argentieri of Jackson Lewis P.C., submits this Motion in Support of its Motion to Compel Arbitration and Stay Litigation pursuant to Fed. R. Civ. Pro. 12(b)(3) and the Federal Arbitration Act, 9 U.S.C. §3. Defendant additionally requests that the Court extend its time to file a responsive pleading to the EEOC's complaint until after resolution of the arbitration. In support thereof, Defendant states as follows:

1. Massie is a former employee of IDEC and brings claims of age discrimination and disability discrimination against IDEC.

2. Massie agreed as a condition to his employment with IDEC that all disputes between himself and IDEC would be resolved through arbitration.

3. Massie was discharged by IDEC on March 10, 2016.

4. Massie's Intervenor Complaint asserts claims of age discrimination and disability discrimination against IDEC (Dkt. 10.)

5. Massie's claims are subject to arbitration, and therefore, the FAA requires that the Court compel Massie to arbitrate his claims with IDEC.

6. In accordance with IDEC's Dispute Resolution Policy, IDEC requests that the Court appoint The Honorable Wayne Andersen of JAMS to serve as arbitrator.

7. The factual issues raised by the EEOC in its complaint are identical to those asserted by Massie in his claim of disability discrimination (Dkt. 1.)

8. Accordingly, the Court should stay the EEOC's litigation against IDEC pending resolution of the arbitration between Massie and IDEC.

9. Not only is a stay efficient in order to avoid inconsistent outcomes and shed light on the factual issues in the EEOC's litigation, but a stay is necessary in order to uphold Massie's obligation to arbitrate and prevent his claims from being resolved outside of arbitration in the EEOC litigation.

10. IDEC incorporates all arguments set forth in its Memorandum in Support of its Motion to Compel Arbitration and Stay Litigation.

WHEREFORE, for all the reasons stated herein, Defendant requests that the Court grant Defendant's Motion to Compel arbitration for Massie's claims against IDEC, stay any further litigation of the EEOC's complaint, extend the time for Defendant to file a responsive pleading to the EEOC's complaint until after resolution of the Massie-IDEC arbitration, and grant such additional relief as the Court deems proper.

Dated: August 17, 2018

Respectfully Submitted,
**IDEC CORPORATION**

/s/   Paul A. Patten
    One of Its Attorneys

Paul A. Patten (ARDC No. 6203624)
Julia P. Argentieri (ARDC No. 6302727)
Jackson Lewis P.C.
150 N. Michigan
Suite 2500
Chicago, Illinois 60601
Phone: 312.787.4949
Fax: 312.787.4995
Paul.Patten@jacksonlewis.com
Julia.Argentieri@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all counsel of record.

/s/  Paul A. Patten
     Attorney for Defendant