IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. 18-CV-4168 |
| v. | ) ) | |
| IDEC CORPORATION, | ) ) ) | Judge Coleman Magistrate Judge Kim |
| Defendant. | ) ) | |

### EEOC'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY EEOC'S LITIGATION

The United States Equal Employment Opportunity Commission ("EEOC") brought this action alleging Defendant IDEC Corporation violated the American with Disabilities Act. EEOC seeks injunctive relief to prevent unlawful discrimination from reoccurring as well as individual relief for Mr. Massie, who suffered the disability discrimination alleged in EEOC's complaint. EEOC never issued a right to sue letter to Mr. Massie and, pursuant to its statutory authority, EEOC initiated this ADA enforcement action. IDEC now seeks to stop the EEOC from proceeding with its enforcement action based on a private arbitration agreement to which the EEOC is not a party. There is no legal basis for the court to stay the EEOC's enforcement action against Defendant IDEC. Indeed, every case addressing the EEOC's ability to proceed with its pending enforcement action has held that private arbitration agreements provide no basis for staying the EEOC's enforcement actions. Defendant's motion must be denied.

**I. EEOC Enforcement Actions Are Not Subject to Private Arbitration Agreements.**

The United States Supreme Court has definitively ruled that EEOC's enforcement actions are not limited by employees' arbitration agreements. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297

1

(2002). In *Waffle House*, as in the present case, the defendant sought to compel arbitration and stay the EEOC's litigation. *Id.* at 284. The Supreme Court soundly rejected this approach. "It goes without saying that a contract cannot bind a nonparty. Accordingly, the proarbitration policy goals of the FAA do not require the agency to relinquish its statutory authority if it has not agreed to do so." *Id*. at 294. The Court made it clear that a private arbitration agreement does "not authorize the courts to balance the competing policies of the ADA and the FAA or to second-guess the agency's judgment concerning which of the remedies authorized by law that it shall seek in any given case." *Id*. at 297. "The statute clearly makes the EEOC the master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake . . . . And if the agency makes that determination, the statutory text unambiguously authorizes it to proceed in a judicial forum." *Id. at* 291–92. Defendant's request to compel arbitration and stay the EEOC's litigation disregards well-established law. There is no legal basis for the Court to stay this action due to a private arbitration agreement.

II. **Courts Have Consistently Refused to Stay Enforcement Actions Brought by the EEOC.**

Consistent with *Waffle House*, courts have repeatedly denied defendants' attempts to stay EEOC's litigation where the employer had a private arbitration agreement with an employee for whom EEOC was seeking relief. Several circuit courts directly considering this issue found that *Waffle House* clearly barred any limitation on EEOC's enforcement action in court. For example, the Eight Circuit held that "[u]nder *Waffle House*, we agree that the arbitration agreement and any related proceedings have no bearing on the EEOC's ability to pursue its enforcement action, and we place no limitations on the EEOC's continuation of its enforcement action." *E.E.O.C. v. Woodmen of World Life Ins. Soc.*, 479 F.3d 561, 568 (8th Cir. 2007). The Sixth Circuit came to the same conclusion, holding, under *Waffle House,* that "an agreement between employer and employee to arbitrate employment-related disputes does not bar the EEOC from 'pursuing victim-specific judicial relief, such as backpay, reinstatement, and damages, in an enforcement action' brought under Title VII." *E.E.O.C. v. Circuit City Stores, Inc.*,

285 F.3d 404, 407 (6th Cir. 2002). All district courts facing this issue have similarly held that a private arbitration agreement does not stay EEOC's enforcement action. *See E.E.O.C. v. SWMW Mgmt., Inc.*, No. CV-08-0946-PHX-GMSOP, 2009 WL 1097543, at *7 (D. Ariz. Apr. 22, 2009) ("[T]he Court, pursuant to *Waffle House*, may not stay the proceedings and could not order a stay even if some of the former employees had intervened"); *E.E.O.C. v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*, 273 F. Supp. 2d 260, 265 (E.D.N.Y. 2003) ("An arbitration agreement between an employer and its employee does not prevent the EEOC from vindicating the public interest. Therefore, the Court will not stay the EEOC's action against the defendant, . . . "); *see also E.E.O.C. v. PJ Utah, LLC*, 822 F.3d 536, 538 (10th Cir. 2016) (recognizing that "[a]lthough the district court ordered Mr. Bonn to arbitrate his claim, that order did not affect the EEOC's claim against Papa John's, which remains pending").[1]

Defendant only cites a single district case in another circuit involving the EEOC in support of its argument that the government's enforcement action should be halted due to a private agreement. That case, *Broussard v. First Tower Loan*, LLC, 150 F. Supp. 3d 709, 716 (E.D. La. 2015), as modified on denial of reconsideration, No. CV 15-1161, 2016 WL 879995 (E.D. La. Mar. 8, 2016), is substantially different from the present case or the cases cited above. In *Broussard*, the employee filed her own private action in court with a right-to-sue-letter from the EEOC. The EEOC did not file its own enforcement action, but rather moved to intervene in the employee's case. Before the EEOC had intervened, the defendant already had filed a motion to compel arbitration. *Id*.[2] *Broussard* did not

---

[1] Defendant attempts to distinguish *Waffle House* from the instant case because, here, Charging Party Massie has intervened. No court has recognized this distinction. Rather, several courts specifically denied a stay when the employee has intervened. *See e.g., Woodmen of World Life*, 479 F.3d at 568; *Rappaport*, 273 F. Supp. 2d at 265. An employee has an absolute right to intervene in an EEOC enforcement action. *See PJ Utah*, 822 F.3d at 540 ("as the aggrieved employee in the EEOC's civil enforcement action, Mr. Bonn enjoyed an unconditional statutory right to intervene"). Such an intervention does not affect EEOC's ability to proceed with its enforcement action.

[2] The court's opinion notes that, "Tower [the employer] filed suit against Broussard in the Chancery Court of Rankin County, Mississippi, seeking to compel Broussard [the charging party] to arbitrate the claims asserted in

3

involve a pending EEOC enforcement action like the instant case. Moreover, the other cases cited by IDEC (pages 7, 9-10 of IDEC brief) are easily distinguishable because the third party in those cases was not the EEOC and, thus, those decisions do not address the EEOC's independent enforcement authority affirmed in *Waffle House*, which held that the considerations of the FAA do not curtail EEOC's clear statutory mandate to bring enforcement actions.

**III.    Because EEOC Has Exclusive Enforcement Litigation Authority and Is Not a Substitute for An Individual's Claims, Massie Cannot Be Compelled to Arbitrate the Claims EEOC Brought in Its Enforcement Action**

EEOC's enforcement actions are distinct and exclusive from private actions. When "the EEOC files suit on its own, the employee has no independent cause of action, although the employee may intervene in the EEOC's suit." *Waffle House*, 534 U.S. at 291. The Seventh Circuit has reaffirmed this principle. *See In re Bemis Co., Inc.*, 279 F.3d 419, 422 (7th Cir. 2002) ("the EEOC does not sue as the representative of the discriminated-against employees who may benefit from the relief it obtains and hence is not barred from suing by the fact that the employees had agreed to submit their claims to binding arbitration").

Courts have recognized that since EEOC has an exclusive and independent claim, the aggrieved employee cannot be compelled to arbitrate. "Because the EEOC chose to file this enforcement action, Wolff lost her right to bring an independent cause of action. Her intervention in this case merely gives her status as a party to participate with the EEOC, and her complaint does not constitute an independent claim that would be subject to an arbitration agreement." *E.E.O.C. v. Joslin Dry Goods Co.*, No. 05-CV-00177-WDN-MEH, 2006 WL 6669339, at *2 (D. Colo. Mar. 29, 2006). The court in *E.E.O.C. v.*

---

his action against Tower. (No. 15–2500, Rec. Doc. 1.) On May 26, 2015, Broussard removed Tower's suit to the United States District Court for the Southern District of Mississippi. Id. Upon Broussard's motion, on July 7, 2015, the Southern District of Mississippi transferred Tower's suit to this Court, where it was consolidated with Broussard's case. (No., Rec. Doc. 18.) Thereafter, on September 8, 2015, the EEOC filed a motion to intervene, which the Court granted."

*Physician Servs., P.S.C.*, 425 F. Supp. 2d 859, 861 (E.D. Ky. 2006), came to a similar conclusion: "Due to the EEOC's filing suit against their employer, they have no independent causes of action against their employer; therefore, they should not be compelled to arbitrate their claims." *See also E.E.O.C. v. Ranir, LLC*, No. 1:10-CV-965, 2012 WL 381339, at *7 (W.D. Mich. Feb. 6, 2012) ("This Court concludes that once the EEOC filed its enforcement action, Fuller no longer possessed a private cause of action subject to her prior limitations agreement"); *Cf. Woodmen of World Life*, 479 F.3d at 568 (finding intervener could be compelled to arbitrate though EEOC action could not be stayed); *Rappaport*, 273 F. Supp. 2d at 265 (same). Because EEOC has brought this ADA enforcement action, Massie has no independent ADA claim that can be compelled for arbitration. Defendant's motion to compel arbitration of the Massie's ADA claim should be denied.

## IV. Conclusion

For the above, stated reasons, this court should deny Defendant's Motion to Compel Arbitration of Massie's Disability Claims and Deny Defendant's Request to Stay EEOC's Litigation.

August 31, 2018  Respectfully submitted,

Attorneys for Plaintiff EEOC:

*s/Richard J. Mrizek*
Richard J. Mrizek
Bradley Fiorito
Equal Employment Opportunity Commission
500 W. Madison St., Suite 2000
Chicago, IL 60661