**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff, and** | ) | |
| | ) | **CIVIL ACTION NO. 18-CV-4168** |
| **ESTATE OF STEVEN L. MASSIE,** | ) | |
| **Intervenor-Plaintiff,** | ) | |
| | ) | **JUDGE COLEMAN** |
| **v.** | ) | **MAGISTRATE JUDGE KIM** |
| | ) | |
| **IDEC CORPORATION,** | ) | |
| **Defendant.** | ) | |

## <u>CONSENT DECREE</u>

1.      Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action against Defendant IDEC Corporation ("IDEC") under the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. EEOC alleged that Defendant violated the ADA when it terminated Charging Party Steven Massie ("Massie") because of his disability and because IDEC regarded him as disabled. Charging Party Massie intervened and filed a complaint in intervention. After Charging Party Massie passed away, his estate substituted as intervenor-plaintiff in this case.[1]

2.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC in this action.

3.      Nothing in this Decree constitutes an admission by any party as to the claims and/or defenses of any other party.

---

[1] Mr. Massie died unexpectedly on April 30, 2019. His widow is the executor of his estate.

## FINDINGS

4.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a.      This Court has jurisdiction of the subject matter of this action and of the parties.

    b.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the parties and the public are adequately protected by this Decree.

    c.      This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. Entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties and the public.

**WHEREFORE**, upon the consent of the parties, **IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION AGAINST DISABILITY DISCRIMINATION

5.      Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from engaging in any employment practice prohibited by the ADA, including: (1) discriminating against qualified individuals because of their disability, their perceived disability, or the need to provide reasonable accommodation for an employee's disability and (2) failing to provide reasonable accommodations to qualified individuals with a disability.

## INJUNCTION AGAINST RETALIATION

6.      Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it shall not engage in any form of retaliation against any person

because such person has opposed any practice as unlawful under the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## **POSTING OF NOTICE**

7.      Within fourteen (14) calendar days after entry of this Decree, Defendant shall post at its East Dundee, Illinois location, same-sized copies of the Notice attached as **Exhibit A** to this Decree on bulletin boards usually used for communicating with all employees. The Notice shall remain posted for thirty (30) months from the date of entry of this Decree.

8.      Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Defendant shall certify to EEOC in writing within fourteen (14) calendar days after entry of this Decree that the Notices have been properly posted. For the duration of this Decree, Defendant shall permit a representative of EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during business hours without advance prior notice.

## **MONETARY RELIEF**

9.      Within seven (7) calendar days of the approval of this Decree ("Approval Date") by the District Court or within seven (7) calendar days after Defendant receives the Release attached as **Exhibit B** signed by a representative of the estate of Steven Massie, whichever is later, Defendant shall make payments in the gross amount of $275,000.   Of the gross sum, $161,808.05 shall be payable to the Estate of Steven Massie, and $113,191.95 shall be designated as other relief and payable to the attorney for Steven Massie's Estate. Defendant shall issue appropriate IRS Form 1099(s) for both payments.

3

Defendant shall send both payments via Certified or Registered Mail to the attorney for Steven Massie's Estate. Contemporaneously, Defendant shall submit copies of the checks to EEOC.

## TRAINING

10.     Twice during the thirty (30) month duration of this agreement, all employees based at the East Dundee, Illinois, IDEC location shall be trained regarding the rights of employees under the ADA and the obligation of employers under the ADA, including, without limitation, to provide reasonable accommodations. The first training shall take place within sixty (60) calendar days of entry of this Decree. The final training sessions shall take place between the 14 month anniversary of the entry of this Decree and the 28 month anniversary of the entry of this Decree.

11.     Defendant shall obtain EEOC's approval of its proposed outside/independent trainer(s) and the proposed training content prior to each training session. Defendant shall submit the name(s), address(es), telephone number(s), resume(s), training proposal(s), and any materials to be distributed to the participants, to EEOC at least twenty-one (21) calendar days prior to the proposed date(s) of each training. EEOC shall have seven (7) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s), training proposal(s), and/or training material. In the event EEOC does not approve Defendant's designated trainer(s), proposal(s), and/or training material, Defendant shall have five (5) calendar days to identify an alternate trainer(s) or make changes to the proposal(s) and/or training material. EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer(s) or proposed changes. If the parties cannot, through this process,

4

agree on a trainer(s) and/or the training content, they may seek the Court's assistance under Paragraph 16.

12.      Defendant shall certify to EEOC in writing within seven (7) calendar days after each training session has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training, (ii) a copy of an attendance list, which shall include the name and position of each person in attendance, (iii) a list of all employees based out of the East Dundee, Illinois, location, and (iv) copies of all materials distributed to the participants if different from those materials previously provided pursuant to Paragraph 11.

## **RECORD KEEPING**

13.      For a period of thirty (30) months following entry of this Decree, Defendant shall maintain and make available for inspection and copying by EEOC records (including names, addresses, and telephone numbers) of each employee based out of its East Dundee, Illinois, location who makes a complaint of disability discrimination (whether formal, informal, written, and/or spoken), who makes a request for an accommodation under the ADA (whether formal, informal, written, and/or spoken), or who Defendant otherwise becomes aware of having made such a complaint or request to Human Resources or a manager. Such records shall include the following: (1) the name, addresses, and phone numbers of each individual who complained of discrimination or requested an accommodation; (2) a description of each individual's job, including job title; (3) a description of each individual's known disability(ies) and physical condition (including copies of any reports of attending physicians or other medical personnel, or other doctor's releases obtained or received by Defendant, its agents, or third party benefits or leave administrators); (4) the date of the complaint or request for accommodation; (5) the nature

5

of the alleged complaint or the specific accommodation requested; (6) what actions, if any, Defendant took to resolve the complaint request for accommodation and the bases for those actions; (7) the resolution of the complaint or of the request for accommodation; and (8) all records related to the complaint or request for accommodation.

14.     Defendant shall make all documents or records referred to in Paragraph 13, above, available for inspection and copying within fourteen (14) calendar days after EEOC so requests.

## **<u>REPORTING</u>**

15.     Defendant shall furnish to EEOC a written report every six (6) months after the entry of this Decree, for the duration of the Decree, with the last report due at the end of the 28th month, as to complaints of disability discrimination and the denial of any requests for accommodation, referred to in Paragraph 13.

With respect to complaints or requests for accommodation, each such report shall contain:

(a)     For each employee who, in the last six (6) months (or four (4) months for the last report) requested an accommodation or made a complaint of discrimination, each employee's name, address, and phone number;

(b)     a description of each employee's job, including job title;

(c)     a description of each employee's known disability(ies) and physical condition (including, for any employee for whom Defendant denied a request for accommodation, copies of any reports of attending physicians or other medical personnel, or other doctor's releases obtained or received by Defendant, its agents, or third-party benefits or leave administrators);

(d)     a copy and/or description of the employee's request for an accommodation (whether formal, informal, written, and/or spoken) and/or a copy and/or

description of each employee's complaint of disability discrimination (whether formal, informal, written, and/or spoken);

(e)     Defendant's response to each request for accommodation, including but not limited to whether the request was granted or denied; whether alternative accommodations were considered and/or provided; and whether the employee was terminated if the request was denied;

(f)     Defendant's response to each complaint of discrimination;

if Defendant denied an accommodation request, the basis for the denial; and

(g)     the name and position of all personnel involved in any decision regarding the employee's request for accommodation or complaint of discrimination.

If no employee made such a request or complaint, Defendant's head of Human Resources shall submit a signed statement so stating. Each report shall also contain a statement signed by Defendant's head of Human Resources that the Notice required to be posted by Paragraph 7 above remained posted during the entire six (6) month period preceding the report (or four (4) months for the last report).

## DISPUTE RESOLUTION

16.     If EEOC has reason to believe that Defendant is not complying with this Decree, EEOC shall so notify Defendant in writing. Defendant will then have seven (7) calendar days in which to achieve compliance or satisfy EEOC that there has been compliance. If Defendant does neither, EEOC shall have the right to apply to the Court for appropriate relief.

17.     In resolving any dispute with regard to Defendant's compliance with any provision of the Decree, the Court shall have available to it all equitable remedies which

come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for noncompliance.

## DURATION AND RETENTION OF JURISDICTION

18.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of thirty (30) months immediately following entry of the Decree, provided, however, that if, at the end of the thirty month period, any disputes under Paragraph 16, above, remain unresolved, the term of the Decree shall be extended automatically (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

19.     The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

20.     If any provision(s) of the Decree is found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

21.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant to the best of such officer's or management employee's knowledge, information, and belief.

8

22.     When this Decree requires notifications, reports, and communications to the parties, they shall be made in writing and hand-delivered, mailed, or faxed to the following persons: IDEC Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn St., Suite 2920, Chicago, IL 60604.

23.     Plaintiff-Intervenor Estate of Steven L. Massie ("Estate") executed a separate private settlement agreement and release.  The private settlement agreement and release were negotiated between the Estate and its counsel and IDEC and its counsel. The EEOC was not involved in those negotiations. Defendant agrees that it will not condition the receipt of monetary relief on the agreement of the charging party's estate to: (a) maintain as confidential the facts and/or allegations underlying the charge, Massie's complaints, or the terms of this Decree; (b) waive any statutory rights to file a charge with any governmental agency; or (c) agree to a non-disparagement and/or confidentiality agreement.


**SO ORDERED, ADJUDGED, and DECREED** on this 22nd day of April,2020.

By the Court:

_____
The Hon. Sharon Johnson Coleman
United States District Judge

# EXHIBIT A

**NOTICE TO EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. IDEC Corporation*, Case No. 18-cv-4168 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against IDEC Corporation ("IDEC").

In its suit, EEOC alleged that the Defendant violated the Americans with Disabilities Act ("ADA") when it terminated an employee because of his disability and because IDEC regarded the employee as disabled. IDEC denied that it violated the ADA.

To resolve the case, the Defendant and EEOC have entered into a Consent Decree that provides, among other things, that:

1) Defendant will make a monetary payment of $275,000 to the disabled employee's estate;

2) Defendant will provide reasonable accommodations to employees with disabilities and will not terminate employees on the basis of disability;

3) Defendant will not retaliate against any person because (s)he opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, participated in any ADA proceeding, or asserted any rights under the Consent Decree; and

4) Defendant will provide training on the ADA to certain of its employees.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (866) 408-8075. EEOC charges no fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for thirty (30) months  from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: IDEC Settlement, EEOC, 230 S. Dearborn St., Suite 2920, Chicago, IL 60604.**

**4/22/2020**
_____
Date

The Honorable Judge Sharon Johnson Coleman

# EXHIBIT B



## RELEASE AGREEMENT

I, ΠΛRLΛ MΛSSYE as the executor of the Estate of Steven Massie, in consideration for IDEC
Corporation's gross payment of $275,000 (comprising of a $161,808.05 payment to the Estate of Steven
Massie and $113,191.95 paid by IDEC Corporation as other relief), in connection with the resolution of
*EEOC v. IDEC Corporation*, Case No 18-cv-4168 (N.D. Ill.), waive the right of the Estate of Steven
Massie to recover for any claims of disability discrimination arising under the Americans with Disabilities
Act that Steven Massie had against IDEC Corporation prior to the date of this release and that were
included in the claims alleged in EEOC's complaint in this case.

Date: 3/11/2020        Signature: Marla F Massie